## J. E. KENNISON v. THE STATE.

No. 8264.   Decided March 26, 1924.

Forgery—Companion Case—Practice on Appeal.

Where, upon an appeal from a conviction of forgery, the point at issue is the exact one considered by this court in a companion case against the same defendant, where it was decided that the court below was in error in permitting the reception of certain evidence concerning written figures and words and comparison of the handwriting of appellant over his objection, for the same reason the judgment below is reversed and the cause remanded.

Appeal from the District Court of Lamar.   Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sturgeon, Sturgeon & West,* for appellant.—Cited Hunt v. State, 33 Texas Crim. Rep., 252, and cases cited in companion case.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Appellant is under conviction for forgery with an assessed punishment of two years in the penitentiary.

The instrument alleged to have been forged is a check dated February 3, 1923, drawn on the Lamar State Bank and Trust Company of Paris, Texas, payable to J. E. Kennison for the sum of $12.50, and purporting to have been signed by Claude S. Wright.

During the trial prosecuting officers were permitted to prove that they had appellant brought from the jail to the county attorney's office and there under direction of such officers he wrote certain names, figures and words which were introduced in evidence and used as a standard of comparison of the handwriting of appellant over his objection.   The point at issue is the exact one considered by us in the companion case against the same defendant numbered 8263, wherein we concluded that the court was in error in permitting the reception of the evidence complained of.   We refer to the opinion in the other case for the discussion of the question and the conclusion reached.   The date of the opinion is March 26, 1924.

For the same reasons therein stated the judgment in the present case must be reversed and the cause remanded.

*Reversed and remanded.*