**Calonor A. BRYANT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16356.**

United States Court of Appeals
Fifth Circuit.

May 1, 1957.

Arthur D. Shores, Birmingham, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Thomas M. Haas, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Appellant was convicted of making fraudulent claims against the United States,[1] and was sentenced to six months' imprisonment. Her son, while serving in the United States Army in Korea, had sent her two Post Office Money Orders, one dated October 6, 1951 for $100.00 and the other dated November 4, 1951 for $90.00. When, in 1953, he came

**1.** In violation of Sections 287 and 1001 of Title 18 United States Code.

home and inquired about the money, she denied having received the money orders, and thereafter executed two claims styled "Affidavit Relative to Alleged Wrong Payment of a Money Order."

The evidence disclosed that she held Savings Account Book No. 8328 in the Peoples Bank & Trust Company of Selma, Alabama. The book in her possession and her account in the bank showed a deposit on October 17, 1951 of $55.00 and one on November 20, 1951 of $30.00. The deposit slips had been prepared for the appellant by the savings teller. The bank's copies showed the $55.00 deposit as of a "M.O." [2] for $100.00 less $45.00 paid to her in cash, and the $30.00 deposit as a "M.O." for $90.00 less $60.00 paid to her in cash.

Someone had endorsed appellant's name on each of the money orders. Her signature card at the bank and the two claim affidavits were available for comparison. In addition, the postal inspector requested her to sign her name to two other specimens which were introduced over defendant's objection as Government Exhibits 9 and 10.

The handwriting expert introduced by the Government compared the endorsements on the money orders with the signatures on the bank card, on the two affidavits and on Government Exhibits 9 and 10, and testified very positively that in his opinion all of them were the genuine signatures of the appellant.

The sole insistence on error goes to the admissibility of Government Exhibits 9 and 10, appellant's counsel insisting that she was compelled to be a witness against herself in violation of the Fifth Amendment.[3]

The post office inspector testified that he made no inducement to the appellant to secure her signatures, offered her no reward, and used no force or threats. He could not remember whether it was before or after she had signed the specimens that he advised her of her civil rights and that the evidence could be used against her. His testimony was not contradicted by the appellant who testified as a witness in her own behalf.

If we assume the doubtful proposition that taking a specimen of handwriting from appellant can be the basis of a valid claim that she was compelled to be a witness against herself,[4] it nonetheless remains true that it is not essential to the admissibility of Exhibits 9 and 10 that the appellant should have been first warned that they might be used against her in a criminal case, provided that the specimens of her signature were voluntarily and understandingly furnished [5]—and that much affirmatively appears.

Moreover, appellant's signatures to the bank card and to the two affidavits received without objection, would no doubt have sufficed for purposes of comparison with the endorsements on the money orders. Excluding the specimen signatures objected to, the evidence was practically conclusive of appellant's guilt, so that the admission of Exhibits 9 and 10 did not affect her substantial rights. Rule 52(a), F.R.Crim.Proc., 18 U.S.C. For each of the foregoing reasons, the judgment is

Affirmed.

---

2. Which, according to the witness, was an abbreviation for "Money Order."

3. Citing in support of that contention, Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; Beltron v. Samson, 53 Philippines 510; United States v. Lawn, D.C., 115 F.Supp. 674; Kennison v. State, 97 Tex.Cr.R. 153, 260 S.W. 176; 70 C.J. Sec. 874(4), p. 721.

4. See Holt v. United States, 218 U.S. 245, 252, 253, 31 S.Ct. 2, 54 L.Ed. 1021; Shelton v. United States, 5 Cir., 205 F.2d 806, 814; United States v. Iacullo, 7 Cir., 226 F.2d 788, 793; People v. Harper, 115 Cal.App.2d 776, 252 P.2d 950; Barrett v. State, 190 Tenn. 366, 229 S.W.2d 516, 519, 18 A.L.R.2d 789; 8 Wigmore on Evidence, 3rd ed., § 2265; 22 C.J.S. Criminal Law §§ 649, 650; compare Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448.

5. Montgomery v. United States, 5 Cir., 203 F.2d 887, 892, 893; Turner v. United States, 4 Cir., 222 F.2d 926, 931.