**Henry Lee EMMITT and Kenneth Earl Parker, Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15396.**

Court of Criminal Appeals of Oklahoma.

July 15, 1970.

Don Anderson, Public Defender, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Henry Lee Emmitt and Kenneth Earl Parker, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms, and punishment was fixed at 15 years imprisonment in the state penitentiary for defendant Emmitt, and 25 years imprisonment in the state penitentiary for defendant Parker. From said judgments and sentences, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that on August 15, 1968, William Wesley Moore was working at the Park Plaza Liquor Store on Springlake Drive between 7:00 and 10:00 p. m. He noticed two persons around 9:00 p. m. walk by the store, his attention being attracted by their dress, one wearing overalls with no shirt and the other wearing a yellow shirt and a rag on his head. Minutes later they returned and entered the store, Moore identifying them in the courtroom as defendants Parker and Emmitt. After asking for Thunderbird wine, Parker produced a steel blue automatic and demanded the money. He took the money from Moore's billfold and had Moore sack up the contents of the register. Emmitt got a half gallon of Bacardi rum and as they left, Parker asked Moore if there was any place he could be locked up. Moore replied that there was not, whereupon, over Emmitt's objections, Parker had Moore accompany them from the store for about a block. Upon being released, Moore called the police who arrived in about five minutes.

Officer Hunter of the Oklahoma City Police Department received a robbery call at 8:57 p. m. on this date including a car description and the names of two Emmitt brothers as prime suspects, and went to the Westernaire Motel at 1177 N.E. 23rd where he and his partner observed a car fitting the description and Willie Emmitt (defendant's brother) about to leave. They arrested Willie and upon learning the room number where he was registered, went to that room, knocked and upon opening the door discovered defendants, wearing only undershorts, and a young girl, and saw a bottle of rum and one of wine on the floor. The defendants were asked to dress, whereupon Emmitt put on overalls with no shirt and Parker put on a yellow shirt and orange pants. Defendants and the girl were arrested and on further search the officers found a sock containing $94.00 behind the television and a .32 caliber blue steel pistol behind a window curtain.

Belinda Sue Allen, the girl in the room, testified that she remembered giving the police a statement after being arrested to the effect that defendants left the motel about 8:30 p. m. that night with a gun, returning approximately 9:00 p. m., and that she had seen some rum and wine in the room on their return that was not there before.

Henry Emmitt, his brother Willie Emmitt, and Kenneth Parker each testified, and their versions did not differ materially. Willie had rented the motel room at

the Westernaire the day before their arrest, the purpose being to have a party the next evening. About 6:30 or 7:00 p. m. on the 15th, Henry, Willie and Kenneth departed, leaving the girl behind, to get clothes and pick up other girls. Kenneth was left at his house, Henry was left at a girlfriend's house, and Willie drove around, finally picking up Pewee (or Popeye) and Tiny at a Dairy Queen on Springlake Drive. Willie then returned and picked up Henry and Parker and returned to the motel, Tiny bringing in the two bottles of wine and rum. Tiny and Popeye left right away saying they were going to eat and get girlfriends.

Both Henry and Kenneth denied guilt, and denied being in the liquor store the night they were arrested. Both testified they had been in the store on previous occasions, the last time being only a few days earlier when an altercation arose because Moore wanted to overcharge for some wine. Both Henry and Kenneth and Willie denied knowledge of the gun or the sock of money until the police search. No one knew the last names of Pewee or Tiny, or where they lived or where they worked.

Minnie Parker testified that about 7:30 or 8:00 p. m. on August 15th, one of the Emmitt boys drove up to pick up her son Kenneth, to go to a party, and in the car were two more boys who she had never seen before. Kenneth was wearing old clothes and carrying his dress clothes.

■ On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the evidence offered on behalf of the State, although in sharp conflict with the evidence offered on behalf of defendants, was sufficient, if believed, to support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Music v. State, Okl.Cr., 396 P.2d 894 and Hudson v. State, Okl.Cr., 399 P.2d 296. In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

■ It is next contended that the punishment imposed is excessive. The maximum punishment for the crime of Robbery with Firearms is death, which is indicative of the seriousness of the crime. The jury heard the evidence, weighed it, and decided in favor of the State and set the punishment. Therefore, in the absence of anything in the record to show that such punishment is arbitrary or that the jury was inflamed must be considered as reasonable. The evidence is clear that defendant Parker (who received the 25 year sentence) was the one holding and pointing the gun and the jury must have felt that he was the one in charge, thus the greater sentence for him. There was also some evidence that defendant Emmitt (who received the 15 year sentence) had some reservations about taking the witness with them, thus the lesser sentence for him.

We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.