**Kenneth E. PARKER and Henry L. Emmitt, Petitioners-Appellants,**

**v.**

**STATE OF OKLAHOMA and/or Park J. Anderson, Warden, Oklahoma State Penitentiary, Respondents-Appellees.**

No. 73–1480.

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 14, 1974.

Decided Feb. 7, 1974.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellants, state prisoners, were convicted by a jury in the District Court of Oklahoma County, Oklahoma of the robbery with firearms of the Park Plaza Liquor Store in Oklahoma City. The conviction was affirmed by the Oklahoma Court of Criminal Appeals. Emmitt et al. v. State, 473 P.2d 290 (Okl.Cr. App.1970). They now appeal from the denial of habeas corpus relief pursuant to 28 U.S.C. § 2254.

The evidence produced at trial established that the liquor store was robbed on the evening of August 15, 1968 by two persons, one of whom displayed a blue steel automatic pistol. The robbers took several bottles of the store's merchandise, as well as currency and change from the cash register. Shortly after-

ward, appellants were arrested at a motel where a social gathering was in progress. When appellants were in police custody, the arresting officers conducted a thorough search of the room which they had been occupying. The search produced two bottles of liquor which had been in plain view, a blue steel automatic pistol of the same type used in the robbery and a sock containing approximately $94.00 which was recovered from behind the back panel of a television set in the room. These items were admitted into evidence at the trial over appellants' objection.

Almost immediately after their arrest and prior to the commencement of formal criminal proceedings, appellants were placed in a police line-up where the clerk on duty at the time of the robbery positively identified them as the robbers. Appellants were again positively identified by the clerk at trial.

Both appellants contend that the warrantless search of the motel room after their arrest was illegal and that they were denied the effective assistance of counsel on the direct appeal of their conviction. In addition, appellant Parker contends that he was denied counsel at the police line-up in violation of the Sixth Amendment to the United States Constitution.

■ Parker fails to establish a constitutional violation merely because he was not offered counsel at a police line-up. The record indicates that the line-up and contemporaneous eye witness identification occurred shortly after his arrest and before he was formally charged. In Wilson v. Gaffney, 454 F.2d 142 (10th Cir. 1972) we included the assistance of counsel at preindictment line-ups in the panoply of rights which must be afforded an accused. Subsequent to our opinion in *Wilson,* the Supreme Court held that the right to counsel does not attach at line-ups conducted prior to the initiation of judicial criminal proceedings. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

We now adhere to the rule announced in *Kirby.*

■ After an evidentiary hearing, the state trial court overruled appellants' pre-trial motion to suppress evidence obtained in the motel room search on the grounds that the search was incident to a lawful arrest. The court below concluded that this was a proper application of the then existing law. We agree. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Cochran v. United States, 389 F.2d 326 (10th Cir. 1968), cert. denied 391 U.S. 913, 88 S.Ct. 1808, 20 L.Ed.2d 653 (1968). Appellants strenuously argued that the rule in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 decided June 23, 1969, which considerably narrowed the permissible scope of searches incident to arrest, should be applied retroactively. *Chimel* is not applicable to searches conducted prior to that decision. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). Finally, appellants contend that they were denied the effective assistance of counsel on their direct criminal appeal. There is nothing in the record to substantiate their claim that counsel failed to comply with the standards of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Further, it appears that the Oklahoma Court of Criminal Appeals accorded appellants a full and fair review of all proceedings. Our own review of the transcript of appellants' trial yields nothing to indicate that they received other than a fair trial.

Upon docketing in this court, the parties were notified that we were considering summary affirmance. Thereafter, appellants filed a memorandum addressing the merits and opposing summary affirmance. Nevertheless, a careful and thorough review of the files and records in this case convinces us that the district court correctly denied relief.

Accordingly, the judgment of the district court is affirmed.

Affirmed.