Edward Earl BROOKS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7329.

United States Court of Appeals
Tenth Circuit.

April 23, 1964.

Donald C. Hanneman, Denver, Colo., for appellant.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Edward Earl Brooks was convicted for the second time[1] on an information charging him with inducing and enticing a 17 year old girl to travel from Kansas City, Missouri, to Oklahoma City, Oklahoma, by common carrier with the intent that she engage in prostitution, debauchery, and other immoral practices, in violation of 18 U.S.C. § 2423.

■ The case was set for trial on December 10, 1962. On December 5, 1962, Brooks' court-appointed attorney moved for a continuance on the ground that additional time was necessary for him to interview witnesses believed to be necessary for a defense. The motion was denied. Thereafter the court directed the clerk to issue subpoenas requested by the defendant. The order also required the marshal to serve such subpoenas, or cause them to be served by proper authorities, and to advance expense money and witness fees when necessary to compel the attendance of the witnesses in court. A number of witnesses were subpoenaed and appeared at the trial to testify on behalf of the defendant. The motion for continuance was renewed at the beginning of the trial and overruled. No showing was made that there were any additional witnesses desired. The trial court's action in denying the motion for continuance was a matter of discretion which was not abused in this case. Smith v. United States, 10 Cir., 273 F.2d 462, cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed. 2d 1729, and cases cited.

■ The victim alleged to have been unlawfully transported in interstate commerce was Laurel June Brooks, the defendant's 17 year old wife. Following the first trial Mrs. Brooks returned to Kansas City, where she had previously lived. She had a friend there named Jim Fairrest. On cross-examination the defense offered in evidence three letters which the witness had recently written to Fairrest, in which she expressed a deep love for him. The court excluded those letters. Assuming the letters, which were written more than one year after the alleged offense, were admissible to show bias, interest, or the character of the witness,[2] we are satisfied that the error did not affect substantial rights of the defendant. The evidence of defendant's guilt was overwhelming and uncontradicted. There is no suggestion that the testimony of the wife, although given less reluctantly, was substantially different from that which she gave during the former trial or before the United States Commissioner at a preliminary hearing. Fed.R.Crim.Proc. 52(a); Guffey v. United States, 10 Cir., 310 F.2d 753; Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

■ Finally, it is urged that the evidence is insufficient to support the judgment. The question of the sufficiency of the evidence was not raised at the trial, and therefore was waived. Fed.R.Crim. Proc. 29(a); Corbin v. United States, 10 Cir., 253 F.2d 646. Furthermore, on the former trial we reviewed similar evidence and concluded that it was sufficient to sustain the judgment. See Dunn v. United States, 10 Cir., 190 F.2d 496; O'Neal v. United States, 10 Cir., 240 F.2d 700.

Affirmed.

1. The first conviction of Brooks was reversed and remanded for a new trial. Brooks v. United States, 10 Cir., 309 F. 2d 580.

2. Tla-Koo-Yel-Lee v. United States, 167 U. S. 274, 17 S.Ct. 855, 42 L.Ed. 166; Villaroman v. United States, 87 U.S.App. D.C. 240, 184 F.2d 261.