**Harold Josephus STANFIELD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 8199.**

United States Court of Appeals
Tenth Circuit.

Sept. 13, 1965.

Leon R. Hetherington, Denver, Colo., for appellant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was charged in a two count indictment with a violation of 18 U.S.C. § 495. Count I charged that on or about February 21, 1962, he forged the name of Willie L. Glover on a United States Treasury check in the amount of $133.43 payable to Willie L. Glover. Count II charged an utterance of the same forged check. At his arraignment on October 22, 1964, appellant appeared with counsel of his own choice and entered a plea of not guilty to both counts. Thereafter he was tried by jury, found guilty, sentenced to concurrent sentences of five years on each count and now appeals that conviction and sentence.

At the trial, the prosecution's evidence disclosed the following facts which were uncontradicted. That an investigation was conducted concerning the non-receipt of a treasury check payable to Willie L. Glover. On May 6, 1964, a Secret Service Agent interviewed the appellant

about the check, at which time the agent identified himself, informed appellant that he wanted to talk to him about a violation of federal law, that he was not required to answer any questions and anything he said could be used against him in a court of law. The agent then asked appellant if he would give him some handwriting specimens which appellant did. Furthermore, the agent testified positively that no force, threats, promises or duress were used on appellant. These handwriting specimens were received in evidence without objection by the defendant's counsel. The payee of the check, Willie L. Glover, testified that he never received the check nor did he endorse it or authorize anyone else to endorse it. Rosemary Moore, part owner of Moore's Cycle and Supply in Oklahoma City, Oklahoma, positively identified the appellant as having presented the check in question to her in payment for a bicycle and that she paid him the difference between the check and the bicycle. Finally, a United States Treasury handwriting expert testified that in his opinion the appellant had endorsed the true payee's name to the check. Appellant presented no evidence on his own behalf.

Leave was obtained for the appellant to appeal in forma pauperis and through his court appointed counsel here he asserts two grounds of error, namely, that the handwriting specimens were illegally obtained and that he was not advised of his right to counsel before giving the specimen signatures or before the waiver of a preliminary hearing.

At the outset, we note that nowhere in the record before us does is appear that any of appellant's contentions urged upon us were presented to the trial court for its consideration. Appellant complains here for the first time that he waived his preliminary hearing before being advised of his right to counsel and that he was advised to waive this hearing by the United States Deputy Marshal. The record before us shows that the indictment, upon which appellant was tried and convicted, was returned on October 14, 1964, and there

is nothing in the record to show any prior proceedings in the case. The contention was not made before the trial court and we have only the bare statements contained in appellant's brief. Granting that appellant did not have counsel at the time he waived a preliminary hearing and that such waiver was made upon the advice of a deputy marshal, in view of the subsequent indictment and trial to a jury with retained counsel, we can see no possible prejudice to appellant.

Appellant's other contention is that his handwriting specimen was obtained involuntarily and without proper warning and that he was not informed of his right to counsel prior to doing so. Again we re-emphasize that these contentions were never presented to the trial court. In fact, when the handwriting specimens were admitted into evidence, appellant's counsel clearly stated he had no objection. Ordinarily, failure to object to evidence or to move to strike it out after its admission constitutes a waiver of the objection and cures the error if there is one. Moreland v. United States, 10 Cir., 270 F.2d 887. However, that rule is not inflexible for Rule 52(b) of the Federal Rules of Criminal Procedure authorizes us to notice plain error affecting substantial rights even though not presented to the court. As was said in Ladakis v. United States, 10 Cir., 283 F.2d 141, at page 143, "In criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct grave errors which seriously affect substantial rights of the accused, although not challenged by objection or motion in the trial court." This however is clearly not such a case. There is no evidence at all in the record to support appellant's claim of error. Nor do we see merit in his argument that he was not advised of his right to counsel prior to giving the specimen signatures. In this regard his reliance on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is misplaced for we have never extended the case that far. See Otney v. United

States, 10 Cir., 340 F.2d 696, and Latham v. Crouse, 10 Cir., 338 F.2d 658. From our careful reading of the undisputed testimony of Agent Cantrell, the one who procured the handwriting specimens from appellant, we must conclude that the specimens were freely, voluntarily and understandingly given by Stanfield[1] and only after he had been advised that he did not have to answer any questions asked of him but any answers given might be used against him in a court of law. It should be further noted that Cantrell, at that time, was only conducting an investigation about the forged check and the investigation certainly had not reached the accusatory stage. Furthermore, the appellant was not interrogated for the purpose of eliciting a confession but was merely asked to supply handwriting specimens.

Affirmed.

---

[1] Bryant v. United States, 5 Cir., 244 F.2d 411.