**Cresencio SANCHEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8647.**

United States Court of Appeals Tenth Circuit.

Aug. 11, 1966.

Floyd E. Jensen, Wichita, Kan., for appellant.

John Quinn, U. S. Atty. (John A. Babington, Asst. U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellant, Cresencio Sanchez, was indicted in the United States District Court for the District of New Mexico for receiving and concealing heroin in violation of 21 U.S.C.A. § 174. He was tried before a jury for the crime and convicted, and from the judgment and sentence has appealed to this court. As grounds for reversal he asserts insufficiency of the evidence to support the verdict of guilty.

■■ An examination of the record reveals, and in his brief the appellant concedes, that no motion for judgment of acquittal was made at the close of the evidence. This court follows the well established rule that in the absence of such a motion we will not pass upon the sufficiency of the evidence. Hughes v. United States, 10 Cir., 320 F.2d 459 (1963), cert. denied 375 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415; Brooks v. United States, 10 Cir., 330 F.2d 757 (1964), cert. denied 379 U.S. 852, 85 S.Ct. 100, 13 L.Ed.2d 56. We have on occasion, where the mental capacity of the accused was an issue, taken the view that it was our duty to review the record even though the sufficiency of the evidence was not raised at the trial. Fitts v. United States, 10 Cir., 284 F.2d 108 (1960). We have also made an exception in an exceptional case involving the issue of entrapment. Lucas v. United States, 10 Cir., 355 F.2d 245 (1966). But the record before us discloses no such complete failure on the part of the government to make out its case against the appellant as to require us to notice error in order to prevent manifest injustice. Stanfield v. United States, 10 Cir., 350 F.2d 518 (1965).

The government presented evidence to the effect that two Albuquerque police officers in a patrol car followed an automobile driven by the appellant at high speed through traffic. After a short distance, the appellant turned into a parking lot, stopped and got out of the car, and attempted to run away on foot. The officers, just behind, stopped also and succeeded in catching the appellant. One of the officers saw the appellant throw a yellow object to one side in the parking lot and immediately picked it up. On examination the package proved to contain heroin, which was introduced in evidence. Obviously, a conviction based on this evidence does not rest on mere suspicion of guilt, as the appellant contends. We see no reason, therefore, to consider the sufficiency of the evidence beyond this.

Affirmed.