**Garland Claude COCHRAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Jack Donald EVANS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 9624, 9625.

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1968.

Rehearings Denied March 6, 1968.

Byron G. Rogers, Jr., Denver, Colo., and Robert B. Thompson, Gainesville, Ga., submitted on brief for appellants.

Lawrence M. Henry, U. S. Atty., and Richard T. Spriggs, Asst. U. S. Atty., for the District of Colorado, submitted on brief for appellees.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellants Cochran and Evans were jointly indicted and tried with a co-de-

fendant Rider. The jury found Rider not guilty. Cochran and Evans were convicted and appeal from the sentences imposed. The charges were the sale of non-tax paid distilled spirits in violation of 26 U.S.C. § 5604(a) (1). The only error claimed is the receipt in evidence of a paper taken from Rider at the time of his arrest.

Federal officers learned of a proposed shipment of moonshine whiskey by truck from Georgia to Denver. The information was obtained from a Denver man who had been approached to handle the whiskey. In due course the truck and a Pontiac car arrived in the vicinity where the transaction was to occur. The arrangements for the delivery and sale were made by Cochran. Evans rented the truck in which the haul was made. The two were accompanied by Rider. Over a period of about two hours Cochran completed the arrangements, delivered the whiskey, received payment, and was arrested almost immediately. While Cochran was so engaged, Evans and Rider parked the Pontiac at a filling station near the delivery point and remained in the area. One of the federal agents was from Georgia and knew Cochran, Evans, and Rider and knew that they had been previously involved in liquor violations. This information was imparted to his fellow officers.

The trial court found that there was probable cause for the arrest of Rider. We agree. The officers knew of the proposed delivery. Rider arrived and Evans arrived almost simultaneously with Cochran. Evans and Rider stayed in the immediate vicinity for a prolonged period. They traveled in a car bearing a Georgia license. They were recognized as associates of Cochran in Georgia. The officers reasonably concluded that the three were acting in concert. The search and seizure were incident to the lawful arrest.

Additionally, Cochran and Evans have no standing to question the search of Rider. In Sumrall v. United States, 10 Cir., 382 F.2d 651, 655, we held that the one aggrieved by a search "is one who has himself been the victim of an unlawful invasion of his own privacy." The only privacy invaded here was that of Rider and he was acquitted. Counsel for appellants call our attention to the decision in Barnett v. United States, 5 Cir., 384 F.2d 848, 862. The facts there considered are entirely different from what we have here. If the language of that opinion is construed to give standing to the appellants to complain of the search of Rider, we most respectfully disagree.

Affirmed.