**Clifford C. BRUNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 711-69.**

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1970.

Robert Bruce Miller, Boulder, Colo., for appellant.

James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief) for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Bruner appeals in forma pauperis from a jury conviction for violation of 18 U.S.C. § 2312, illegal interstate transportation of a motor vehicle. Error is urged on three grounds: (1) Appellant has a right to the trial transcript from a mistrial for purposes of appeal and for use at a second trial; (2) defense counsel was inadequate at the second trial; and (3) highly prejudicial evidence was erroneously admitted in the second trial.

At about 10 p. m., February 25, 1969, a 1967 Ford Econoline Van was discovered missing from a parking lot in Kansas City, Missouri. The Van had been parked at the location around 6 p. m.

with the keys in the ignition. About the same time the Van was discovered missing from the parking lot, appellant was in possession of the vehicle in the Argentine area of Kansas City, Kansas. After making two new acquaintances over a "few beers," Bruner invited them to go for a ride. The trio left the tavern in the stolen Van, with the new acquaintances believing it to be Bruner's vehicle.

The three drove around Kansas City, Kansas, for a time, and at one point, were questioned by a local police officer. A check was run on the Van but it cleared, and Bruner and his friends were not held. Then the three crossed over into Missouri, rode around for a while longer, and ultimately returned to the Kansas side. Subsequently they were apprehended and Bruner was prosecuted.

Before trial appellant was afforded a mental examination to determine his competency to stand trial. A hearing was held and the accused was found mentally competent. The first trial ended in a mistrial. Bruner was then retried and convicted.

■ First, 28 U.S.C. § 1915 provides that in certain cases the expense of furnishing a stenographic transcript for appeal may be directed to be paid by the United States. But this obviously refers to "a stenographic transcript of the proceedings had at the trial of the case which the court of appeals is presently reviewing." Taylor v. United States, 238 F.2d 409, 411 (9th Cir. 1956). In the instant appeal, appointed counsel was furnished with a transcript of the second trial which resulted in the conviction Bruner now appeals. But appellant urges that since the transcript from the mistrial might point out statements inconsistent with those made in the second trial, he cannot justifiably be denied its use.

■ We find no legal support for appellant's contention that a mistrial transcript should be furnished for an appeal from a subsequent trial. Moreover, we

cannot perceive how error in the second trial, which we review, could be predicated on the inconsistencies found in a mistrial transcript.[1] There was no error in refusing to furnish a transcript which could be of no benefit in perfecting this appeal.

The argument that counsel at the second trial should have been furnished a transcript of the mistrial is without merit. Before an indigent may receive any transcript, he must request same.[2] Here, counsel never requested the mistrial transcript. Under these circumstances, we are unable to see how a denial of any constitutional or statutory right could be effected.

Second, the burden on an appellant to establish a claim of ineffective assistance of counsel is a heavy one. He must show that due to his lawyer's ineptness, the trial was a farce, sham or mockery of justice. Goforth v. United States, 314 F.2d 868 (10th Cir. 1963). After a thorough review of the entire record in light of appellant's specific contentions, we are satisfied that Bruner's counsel was effective in presenting a defense.

Third, the evidence introduced concerning a stolen suitcase found in the vehicle after the arrests, was not probative as to the crime charged. However, in view of the overwhelming evidence of guilt in the entire record, the sustaining of defense objections and the curative instructions given, we are convinced that this brief testimony did not have an appreciable effect upon the jury's verdict, and no substantial rights of the defendant were affected.[3]

Because of his untimely death, Judge Hickey did not participate in the decision in this case.

Affirmed.

1. *See* Williams v. United States, 358 F. 2d 325 (9th Cir. 1966).

2. *See* Nickens v. United States, 116 U.S. App.D.C. 338, 323 F.2d 808 (1963).

3. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Cram v. United States, 316 F.2d 542 (10th Cir. 1963); Sawyer v. United States, 112 U.S.App.D.C. 381, 303 F.2d 392 (D.C.Cir. 1962).