**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Charles Hartwell PARROTT, Defendant, Appellant.**

**No. 527–69.**

United States Court of Appeals, Tenth Circuit.

Nov. 17, 1970.

Carroll Samara, Oklahoma City, Okl., for defendant, appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff, appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Appellant Parrott was charged and convicted by a jury of knowingly, wilfully and unlawfully entering or attempting to enter a federally insured bank, with intent to commit larceny therein, in violation of 18 U.S.C. § 2113(a). On appeal the only allegation is that the evidence was insufficient to convict.

The well settled rule of this Circuit permits us to stop short of deciding questions on sufficiency of evidence when a motion for judgment of acquittal has not been made following the conclu-

sion of all evidence.[1] Here the motion was made and denied following the prosecution's evidence, but was not renewed after the defense presented its evidence. In such cases the defendant is deemed to have abandoned his motion, making the question of evidence sufficiency inappropriate for appellate review.[2]

We have perused the record and appellate briefs for some indicia of "plain errors or defects affecting substantial rights," Rule 52(b), F.R.Crim.P., 18 U. S.C., which would cause us to decide the issue notwithstanding the nonexistence of the critical motion for acquittal. Our search has surfaced no evidence of manifest injustice in the trial court proceedings.

The facts most favorable to the prosecution are simply these.[3] At approximately 2:15 a. m., March 29, 1969, one or more persons attempted to enter the Carney State Bank, Carney, Oklahoma. The bank president and his wife were awakened at home by sounds coming over a bank audio alarm system. The audio system was also connected with the bank cashier's home and he too was awakened. Among the noises overheard were several male voices, a loud muffler on a vehicle, cracking and popping wood, and a tremendous crash followed by footsteps and voices inside the bank.

A woman who lived near the bank testified that something unusual was going on at the bank and she notified the bank president. While viewing the events, she observed a pickup truck with a camper on the back, near the bank; later she saw the pickup back up to the door subsequently found to be broken in.

Meanwhile the sheriff and cashier were headed toward the bank in their cars. As they entered the south part of Carney, a pickup truck with a camper on

1.  Sanchez v. United States, 365 F.2d 237 (10th Cir. 1966) ; Brooks v. United States, 330 F.2d 757 (10th Cir. 1964) ; Hughes v. United States, 320 F.2d 459 (10th Cir. 1963).

2.  Lucas v. United States, 355 F.2d 245 (10th Cir. 1966) ; Brooks v. United States, 330 F.2d 757 (10th Cir. 1964) ;

Hughes v. United States, 320 F.2d 459 (10th Cir. 1963); Corbin v. United States, 253 F.2d 646 (10th Cir. 1958).

3.  United States v. Mecham, 422 F.2d 838 (10th Cir. 1970) ; Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970) ; United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969).

it passed them, heading south. The cashier recognized the truck as one which he had earlier seen appellant driving, and after hearing its muffler noise, he identified it as the same noise heard over the audio system a few minutes earlier. He turned to give chase but was quickly eluded by the speeding truck. The cashier later identified the apprehended truck as the one he saw speeding south out of Carney.

A Chandler, Oklahoma policeman had responded to the robbery call by stationing himself about three miles south of Carney. At approximately 2:40 a. m. he observed a pickup truck with a camper heading south. The truck turned east onto a county road, turned its lights out and began to speed as the officer gave chase. At that point the truck was said to be either blue and white or green and white, and had long, narrow taillights.

After the policeman lost the truck somewhere south and east of Carney, a highway patrolman sighted a vehicle of the same description in the same vicinity and pursued it until he ran out of gas. A few minutes later a short distance away, a third patrolman apprehended a green and white pickup truck with a camper on the back which had oblong taillights. Appellant was an occupant of the truck. Inside the vehicle was found a variety of tools which could be characterized as burglar's tools.

In addition to the bank neighbor's eyewitness testimony placing a truck of similar description at the scene of the crime, plaster casts of tire prints found imprinted in mud around the door of the bank were sent to the F.B.I. In the expert's opinion, the prints from the mud corresponded to the design, size and general wear characteristics of the apprehended truck's tires.

█ On this record, and absent the compelling reasons for Rule 52(b) application, we see no reason to consider the sufficiency of evidence issue.

█ With the permission of the court, Parrott was allowed to file a pro se appellate brief after oral arguments were had and the appeal was finally submitted, in which he urges three new grounds for reversal. We will briefly address ourselves to those points. First, he argues that he was denied effective assistance of counsel. In the main, the acrid assertions of appellant claim that his lawyer was completely inept in his failure to preserve the sufficiency of evidence issue. We disagree. The evidence as recited above is not exhaustive, but indicates the breadth and depth of the prosecution's case. Armed with but a fragile defense, the record shows a careful, dedicated, and articulate defense effort by Parrott's counsel. The reasoning behind his decision not to move for acquittal at the close of the evidence is best reflected by the formidable case presented by the United States. This does not constitute ineffective assistance of counsel. Bruner v. United States, 432 F.2d 931 (10th Cir. 1970); Ellis v. State of Oklahoma, 430 F.2d 1352 (10th Cir. 1970). We would also note that the legal arguments hereinafter put forth by Parrott are completely without merit and perhaps reflect the competence, not ineptness, of appellant's counsel.

█ Second, Parrott argues that evidence which was illegally seized from his codefendant's wallet violated appellant's Fourth and Fifth Amendment rights. We need not search far to find that appellant has no standing to complain of the alleged illegal search and seizure of a codefendant's wallet. "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing." Alderman v. United States, 394 U.S. 165, 171–172, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969); United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969); Cochran v. United States, 389 F.2d 326 (10th Cir. 1968); Galbraith v. United States, 387 F.2d 617 (10th Cir. 1968); Elbel v. United States, 364 F.2d 127 (10th Cir. 1966).

Third, appellant attacks the verdict on the ground that the evidence does not exclude every reasonable hypothesis but that of guilt. When the sufficiency of the evidence is challenged on appeal the test is not as appellant characterizes it. The sufficiency of the evidence shall be determined by a consideration of all the direct and circumstantial evidence, together with all inferences reasonably drawn therefrom. If, upon that consideration, there appears substantial evidence from which a jury can find an accused guilty beyond a reasonable doubt, the verdict will not be disturbed on appeal. Havelock v. United States, 427 F.2d 987 (10th Cir. 1970); Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970). We have fully considered this issue in the earlier part of this opinion and will not duplicate our conclusions.

Because of his untimely death, Judge Hickey did not participate in the decision in this case.

Affirmed.