**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Joyce GUERRERO, Defendant-Appellant.**

**No. 74–1624.**

United States Court of Appeals, Tenth Circuit.

Argued April 30, 1975.

Decided June 4, 1975.

nizance and ordered to personally appear for an omnibus hearing on February 13, 1973. Guerrero did not appear, although counsel appeared for her. She did appear before the district court the following day, at which time the Court changed her $3,000 recognizance bond to a $1,500 cash bond (10% deposit).

On March 7, 1973, Guerrero was charged in a one-count information with wilfully failing to appear before a United States Magistrate on February 13, 1973, in violation of Section 3150.

On appeal, Guerrero contends, inter alia, that: (1) the evidence did not support the verdict; and (2) that certain remarks and comments of the prosecutor were violative of her constitutional rights.

I.

Guerrero contends that the evidence did not support the verdict in that the Government did not prove that she "wilfully" failed to appear. The Trial Court instructed the jury that the essential elements required to be proved in order to establish a violation of Section 3150, *supra,* are:

Monti L. Belot, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Kansas City, Kan., on the brief), for plaintiff-appellee.

Milnor H. Senior, Denver, Colo., for defendant-appellant.

Before HILL, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Joyce Guerrero (Guerrero) appeals from her jury conviction on March 27, 1973, of willful failure to appear in violation of 18 U.S.C.A. § 3150.[1]

Guerrero was originally indicted and charged with the knowing receipt of stolen government property of a value of more than one hundred dollars. After her initial appearance before United States Magistrate Miller on January 30, 1973, she was released on her own recog-

*First* : The defendant had been arrested and charged with an offense against the laws of the United States.

*Second* : The defendant had been admitted to bail by a court or judicial officer of the United States and released . . . conditioned upon her appearance before the court at such future time as said court may order or require.

*Third* : The defendant wilfully failed to appear on the specific date for her appearance set by the court.

The Government's case-in-chief consisted of the testimony of two witnesses, Judge Miller, the Magistrate who Guerrero appeared before, and Special Agent Arthur Thompson of the Federal

---

1. Section 3150 provides in part:

   Whoever, having been released pursuant to this chapter, willfully fails to appear before

   any court or judicial officer as required, shall . . . be fined not more than $1,000 or imprisoned for not more than one year, or both.

Bureau of Investigation who identified Guerrero as the same person who appeared before Judge Miller at the January 30, 1973, initial appearance.

Judge Miller testified, inter alia, that he had an initial appearance hearing with Guerrero on January 30, 1973, relative to the receipt of stolen government property charge; that when he released her on her own recognizance she promised to appear for all scheduled hearings; that she was told not to depart from the District of Kansas and the Greater Kansas City area; that she was ordered to appear for an omnibus hearing then set for February 13, 1973 at 9:30 o'clock a. m.; and that although he did not leave the Federal Building until after 5:00 o'clock p. m. on February 13, 1973, Guerrero did not personally appear before him as ordered, although her counsel did appear. Judge Miller testified that Guerrero did appear before him on February 20, 1973, and that she had appeared before the district court on February 14, 1973.

At the conclusion of the Government's case, Guerrero moved to dismiss on the ground that the Government had not proven all the essential elements of the crime. In so doing, Guerrero relied on United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969), cert. denied 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969), for the proposition that the proof of a Section 3150 offense necessarily includes a showing that a defendant wilfully failed to appear and that "wilfully" means "committed voluntarily and with the purpose of violating the law and not by mistake, accident or in good faith." The Trial Court denied her motion. Guerrero then proceeded to present evidence in defense of the charge. Her motion to dismiss was again renewed at the close of all the evidence. It was again denied by the Trial Court.

▇ It is true that at the termination of the Government's case-in-chief, the essential element of Guerrero's "wilful failure to appear" had not been proven. We have held that absent a motion for acquittal following the prosecution's evidence and a renewal thereof at the conclusion of all the evidence, federal courts will not pass upon the sufficiency of the evidence to support the verdict. United States v. Parrott, 434 F.2d 294 (10th Cir. 1970), cert. denied 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971); Sanchez v. United States, 365 F.2d 237 (10th Cir. 1966); Maxfield v. United States, 360 F.2d 97 (10th Cir. 1966), cert. denied 385 U.S. 830, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); Brooks v. United States, 330 F.2d 757 (10th Cir. 1964), cert. denied 379 U.S. 852, 85 S.Ct. 100, 13 L.Ed.2d 56 (1964). Accordingly, by moving to dismiss at the termination of the Government's case-in-chief and by renewing the motion at the end of all the evidence, Guerrero did preserve the sufficiency of the evidence question.

▇ On the other hand, Guerrero, by presenting defense evidence following the denial of her motion to dismiss (immediately following the Government's in-chief presentation), waived that motion, and thereafter the issue of the sufficiency of the evidence, albeit reserved, *was reserved to be determined by an examination of the entire record.* United States v. King, 484 F.2d 924 (10th Cir. 1973), cert. denied 416 U.S. 904, 94 S.Ct. 1607, 40 L.Ed.2d 108 (1974); United States v. Bedwell, 456 F.2d 448 (10th Cir. 1972); United States v. Greene, 442 F.2d 1285 (10th Cir. 1971); Fed.R.Crim.P. Rule 29(a), 18 U.S.C.A. Our review of the entire record convinces us that the evidence presented by Guerrero in her defense testimony established that she wilfully failed to appear. This is so inasmuch as she testified that she voluntarily left the jurisdiction fixed by the conditions of her bond, without the consent of the Magistrate or Court. She was fully aware that under the terms of the bond she was not to leave the jurisdiction without prior consent.

▇ When challenged on appeal, the sufficiency of the evidence is to be determined by a consideration of whether the evidence, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, when viewed in the

light most favorable to the Government, constitutes sufficient substantial evidence supporting a jury determination of a defendant's guilt beyond a reasonable doubt. United States v. Addington, 471 F.2d 560 (10th Cir. 1973); United States v. Miller, 460 F.2d 582 (10th Cir. 1972); United States v. Ireland, 456 F.2d 74 (10th Cir. 1972).

Here, the Government proved the first two elements of a Section 3150 violation, i. e., that Guerrero had been previously arrested and charged with an offense against the laws of the United States, and thereafter was admitted to bond conditioned upon her appearance before the court and directed, in this case, to appear specially on February 13, 1975, for the omnibus hearing. Guerrero's own testimony establishes the third element of a Section 3150 violation, i. e., that she wilfully failed to appear by voluntarily leaving the jurisdiction of her bond. Thus, we hold that the evidence, when viewed in its entirety, clearly established a Section 3150 violation.

## II.

■ Guerrero contends that certain remarks and comments of the prosecutor were violative of her constitutional rights. No objections were made during the trial nor were any motions made concerning the prosecutor's remarks.[2] Absent "plain error" under Fed.R. Crim.P. Rule 52(b), 18 U.S.C.A., which we have described as "serious prejudicial error" affecting life or liberty requiring corrective action by the appellate court even though not called to the attention of the trial court [Tapia v. Rodriguez, 446 F.2d 410 (10th Cir. 1971); Whaley v. United States, 394 F.2d 399 (10th Cir. 1968)], we will not consider matters presented for the first time on appeal.

United States v. Ray, 488 F.2d 15 (10th Cir. 1973); United States v. Hazeltine, 444 F.2d 1382 (10th Cir. 1971).

We recently noted in Young v. Anderson, 513 F.2d 969 (10th Cir. 1975), citing to Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974):

. . . not every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. California, 314 U.S. 219, 236 [62 S.Ct. 280, 290, 86 L.Ed. 166] (1941).

416 U.S. 637, at 642, 94 S.Ct. 1868, at 1871, 40 L.Ed.2d 431.

■ Since the comments of the prosecutor now alleged to be prejudicial were not objected to below, and, in our view do not rise to the height of plain error, we hold that Guerrero's constitutional rights were not violated. We deem it significant that the Trial Court employed cautionary instructions to the jury on several occasions that the remarks and comments of counsel were not evidence, but merely argument. United States v. Bridges, 406 F.2d 1051 (10th Cir. 1969); Williams v. Baker, 399 F.2d 681 (10th Cir. 1968). Where the Trial Court employs cautionary instructions, it generally falls within the standard enunciated in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968):

. . . instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. "A defendant is entitled to a fair trial but not a perfect one."

391 U.S. 123, at 135, 88 S.Ct. 1620, at 1627, 20 L.Ed.2d 476.

Affirmed.

---

**2.** The allegedly prejudicial remarks of the prosecutor during his opening statement and closing arguments included, inter alia, his comment that Guerrero "failed and refused to come in"; that she "joined the group, only arriving back, if and when they should decide"; that "defendant voluntarily left the State"; and that "I think she was determined to be the boss" . . . "I submit she just didn't care to obey the Court."