UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony ALFONSO,
Defendant-Appellant.

No. 83–2032.

United States Court of Appeals,
Tenth Circuit.

July 2, 1984.

Thomas E. Salisbury, Sand Springs, Okl. and Ed Parks, Tulsa, Okl., for defendant-appellant.

Layn R. Phillips, U.S. Atty., and Jack Morgan, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal by Anthony Alfonso from his conviction and sentence for distributing one ounce of cocaine in violation of 21 U.S.C. § 841(a)(1). Appellant was indicted on this count with codefendant Tommy Caffaro. Defendants were represented by separate counsel. On the date set for joint jury trial, Mr. Caffaro pled guilty to this count, and another pending against him, and thereafter promptly departed the courthouse. Appellant then waived his right to a jury trial and proceeded to trial alone. Mr. Caffaro was unavailable at appellant's trial.

Appellant raises four issues on appeal, all of which we find to be without merit.

I

Appellant objected at trial to the admission of certain hearsay statements of Mr. Caffaro made outside the presence of appellant. Included was Mr. Caffaro's statement to an undercover officer that appellant was his partner in the cocaine distribution. Appellant first contends that the statements were improperly admitted because of the failure of the trial judge to follow the required procedure for admission of coconspirator hearsay testimony un-

der Fed.R.Evid. 104(a, b) [1] and 801(d)(2)(E).[2] *See United States v. Andrews,* 585 F.2d 961 (10th Cir.1978); *United States v. Petersen,* 611 F.2d 1313 (10th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980); *United States v. Radeker,* 664 F.2d 242 (10th Cir.1981). We believe that these are the proper rules of evidence under which to judge the admissibility of these statements and that these rules apply even where a conspiracy or concerted action is not formally charged but is proven at trial. *United States v. Durland,* 575 F.2d 1306 (10th Cir.1978). We do not see the need, however, to require compliance with the identical procedures established for jury trials when, by contrast, the district court judge is sitting as trier of fact.

■ Specifically, appellant cites the trial judge's failure to make specific findings on the record that the government had carried its burden under the applicable rules. *Radeker, Andrews,* and *Petersen* together interpret Fed.R.Evid. 104(a, b) and 801(d)(2)(E) as requiring the district court judge to determine as a matter of record these factual issues: whether the prosecution has shown by a preponderance of evidence independent of the proffered statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the conspirator's statement is offered are members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy. Failure to make these findings as a matter of record is reversible error in a jury trial.

■ The rationale for the requirement of specific findings on the record of these facts in a jury trial is the same as that underlying the preferred order of proof set out in *Petersen,* as well as the burdens and procedures mandated by the Federal Rules of Evidence and implemented in *Andrews* —to prevent "the inherent danger of prejudice to a defendant which would result should a jury consider hearsay statements which lack adequate guarantees of trustworthiness." *Petersen,* 611 F.2d at 1331. There is, however, significantly less danger of such prejudice on the part of the trier of fact in a case tried to the court. This being so, there is no need to require in a bench trial express recitation for the record of the judge's findings regarding the three facts described above.

■ We do not mean to imply that the burden placed on the prosecution in the admission of coconspirator hearsay statements is lessened in a nonjury trial. On the contrary, the *Andrews* standard for admission of such statements is equally applicable in a jury or a nonjury setting. Today, we decide only that the *Radeker* requirement of explicit findings on the record of the 801(d)(2)(E) elements is unnecessary in a bench trial absent a specific request for such finding. In the instant case, there was sufficient independent evidence of these elements in the form of Mr. Caffaro's nonhearsay statement that the appellant was his partner in the distribution of the cocaine. Indeed, the appellant himself vouched for the quality of the cocaine distributed. Thus, the substantive factual requirements of the coconspirator exception to the hearsay rule were clearly

1. Rule 104. Preliminary Questions
    (a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
    (b) Relevance conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the intro-

duction of evidence sufficient to support a finding of the fulfillment of the condition.

2. Rule 801. Definitions
    . . . .
    (d) Statements which are not hearsay. A statement is not hearsay if—
    . . . .
    (2) The statement is offered against a party and is . . .
    (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

present in the record. The statements were, therefore, properly admitted.

Appellant also argues that the admission of Mr. Caffaro's statement violated his Sixth Amendment right to confront witnesses against him. It is true that "testimony which ... hurdle[s] the hearsay rule via an exception can still run afoul of the Sixth Amendment." *United States v. Roberts,* 583 F.2d 1173, 1176 (10th Cir.1978), *cert. denied,* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 49 (1979). The Confrontation Clause and the hearsay rules have not been equated. *See Dutton v. Evans,* 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970) (plurality opinion); *California v. Green,* 399 U.S. 149, 155–156, 90 S.Ct. 1930, 1933–1934, 26 L.Ed.2d 489 (1970); *Roberts,* 583 F.2d at 1175. This court must address the Confrontation Clause issue because it is specifically raised here.

■ In this case, however, there are several indicia of reliability which justify admission of the statements although there was no confrontation of the declarant, *see Green,* 399 U.S. at 161–162, 90 S.Ct. at 1936–1937; *Dutton,* 400 U.S. at 88–89, 91 S.Ct. at 219–220; *Roberts,* 583 F.2d at 1176: (1) the declarant's knowledge of the identity and role of the other conspirator was well established; (2) the possibility that Mr. Caffaro's statements were founded on faulty recollection is extremely remote; (3) the statements tend to incriminate Mr. Caffaro, so they could be said to be against his penal interest; (4) the statements were not ambiguous; (5) the statements were not crucial to the government's case. For these reasons, we see no error in the admission of the hearsay statements of Tommy Caffaro. Appellant's Sixth Amendment rights were not breached.

## II

Appellant next seeks review of the denial of his motion for judgment of acquittal. He argues that there was insufficient evidence to support the conviction.

At the close of the government's case, appellant moved for a judgment of acquittal under Fed.R.Crim.P. 29(a). The motion was denied and was not renewed at the conclusion of all of the evidence. The government argues that under such circumstances, the appellant waived any objection to the denial of his motion. *E.g., United States v. Parrott,* 434 F.2d 294, 295 (10th Cir.1970), *cert. denied,* 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971); *United States v. Guerrero,* 517 F.2d 528 (10th Cir.1975); *United States v. Douglas,* 668 F.2d 459 (10th Cir.), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982); *see also United States v. Lopez,* 576 F.2d 840 (10th Cir.1978) (recognizing growing criticism and attack of the waiver rule).

■ The government's argument is consistent with the case law in this circuit, but in this case we need not rely on the waiver rule to affirm the denial of the motion. Had appellant rested his case at the close of the government's case without offering any evidence after his motion for acquittal, we would review the sufficiency of the evidence to sustain an ensuing conviction solely based on the government's evidence. In considering a motion for acquittal at the end of the government's case the trial court is required "to view the evidence in the light most favorable to the government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." *United States v. White,* 673 F.2d 299, 301 (10th Cir.1982). Our review of the record convinces us that the evidence presented by the government met this burden.

Of course the appellant did present evidence, and had he renewed his motion for acquittal at the close of all the evidence, the issue of sufficiency would "be determined by an examination of the entire record ... viewed in the light most favorable to the Government." *Guerrero,* 517 F.2d at 530 and 531. Again, the evidence clearly established appellant's guilt under this standard also.

## III

The appellant also urges as ground for reversal the denial by the district court of

his motion for a new trial based on newly discovered evidence. In sum, the new evidence consisted of exculpatory statements made by Mr. Caffaro at various points in time before and after appellant's trial.

The district court considered this matter quite carefully and concluded that the allegedly exculpatory statements, even if given at trial, would not have changed the outcome of the trial. The trial court also found that defendant's attorney did not exercise reasonable diligence in trying to obtain this new evidence prior to trial. *United States v. Ahern*, 612 F.2d 507 (10th Cir.1980), *cert. denied*, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981); *United States v. Plum*, 558 F.2d 568 (10th Cir. 1977). We find no abuse of discretion on the part of the court in view of the other evidence of guilt and the nature of the new evidence. *See United States v. Perea*, 458 F.2d 535, 536 (10th Cir.1972); *Plum*, 558 F.2d at 576.

### IV

Lastly, appellant seeks review of his sentence.

Appellant's argument on this point is based on the fact that his sentence was harsher than that received by codefendant Caffaro. Appellant received a $2,000 fine that Caffaro did not receive. The custody and parole terms were otherwise the same.

Most of the cases appellant cites under this proposition are examples of the use of extraordinary supervisory power by state appellate courts in modifying a criminal sentence thought to be arbitrarily harsh or otherwise unjustified. In accordance with federal practice, however, this court has "repeatedly held that a sentence within the statutory limits is invulnerable to attack on appellate review." *United States v. Prazak*, 623 F.2d 152 (10th Cir.), *cert. denied*, 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980). Appellant's sentence, although harsher than Mr. Caffaro's, was well within the range provided by the applicable statute. 21 U.S.C. § 841(b)(1)(A).

Appellant also argues that his disparate sentence exceeds the constitutional limits imposed by the Equal Protection Clause. This, of course, would be an exception to the general rule of invulnerability. In a noncapital context, however, absent specific allegations of constitutionally impermissible motivation on the part of the trial court, a sentence within the statutory limits is again not open to review. *See United States v. Garrett*, 680 F.2d 650 (9th Cir.1982); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40 (3d Cir. 1984). There are no such allegations in this case.

AFFIRMED.