19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter A. STRIEBY, Defendant-Appellant.
 No. 93-4095.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and EBEL, Circuit Judges, and COOK,[2] Senior District Judge.
 
 
 2
 Peter Strieby (Defendant) appeals his conviction for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. 922(g). We affirm.
 
 
 3
 The police received a call reporting Defendant threatened a person. Shortly afterwards Defendant's mother called the police to report he had a gun and was on his way to confront the threatened person. The police found Defendant riding as a passenger in his pickup truck driven by Judy Ashcraft. The police pulled the pickup over, Defendant stumbled out of the truck holding an open can of beer and was arrested. The police found a loaded rifle in the pickup. The pickup had a gun rack, but it was not used. Instead, the rifle was placed butt-down on the floor of the pickup with the barrel leaning against the seat and pointed up toward the roof of the pickup. The rifle was on the passenger side of the pickup and was within Defendant's effortless reach. Defendant had five bullets for the rifle in his pocket.
 
 
 4
 Defendant and Ms. Ashcraft testified they had been scouting for deer in a different vehicle that morning, had returned home and were planning to go hunting again. The rifle belonged to Defendant's father, who testified he loaned it to Ms. Ashcraft. However, Ms. Ashcraft did not have a hunting license. Defendant admitted he had been hunting earlier in the day although he also did not have a hunting license. Defendant and Ms. Ashcraft testified he had placed the bullets in his pocket because Ms. Ashcraft had no pockets and he wanted to prevent live ammunition from rolling around the truck.
 
 
 5
 At trial, Defendant's counsel made no motion for acquittal after the close of the government's case. The Defendant then testified on his own behalf; his counsel made no motion for acquittal at the close of all the evidence.
 
 
 6
 Defendant, with different counsel on appeal, contends he received ineffective assistance of counsel because his trial counsel failed to move for a judgment of acquittal, a necessary prerequisite for our review of the sufficiency of the evidence. Defendant contends the government failed to prove he was in knowing possession of a firearm and, therefore, his counsel's failure to move for acquittal and preserve the issue of sufficiency of the evidence on appeal was such prejudicial error he was effectively denied counsel. Accordingly, he contends his conviction results from plain error, which we may review and correct even absent preservation of the issue on appeal.
 
 
 7
 Absent a motion for acquittal after the government's evidence, and a renewal of the motion at the close of all the evidence, we will not review the sufficiency of the evidence to support the verdict. United States v. Guerrero, 517 F.2d 528, 530 (10th Cir.1975). However, pursuant to Fed.R.Crim.P. 52(b), the existence of "plain error or defects affecting substantial rights" would "cause us to decide the issue notwithstanding the nonexistence of the critical motion for acquittal." United States v. Parrott, 434 F.2d 294, 295 (10th Cir.1970), cert. denied, 401 U.S. 979 (1971); see also Stanfield v. United States, 350 F.2d 518, 519 (10th Cir.1965) (in criminal cases appellate court may review and correct grave errors which seriously affect substantial rights of the accused, though not raised by motion in the trial court).
 
 
 8
 The standard of review for plain error within the meaning of Fed.R.Crim.P. 52(b) is whether "on the basis of the whole record, [t]he evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.' " United States v. Bowie, 892 F.2d 1494, 1497 (10th Cir.1990) (quoting United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986)).
 
 
 9
 As a general rule, a claim of ineffective assistance of counsel cannot be raised on direct appeal if it was not first raised before the district court. Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991) ("preferred avenue for challenging the effectiveness of defense counsel ... is by collateral attack"). However, there are rare circumstances where appellate courts will consider ineffective assistance of counsel claims on direct appeal. Id. at 807. The circumstances include where the claim is "confined to matters found in the trial record,' " id. at 807 (quoting United States v. Caggiano, 899 F.2d 99, 100 (1st Cir.1990)), or where "the claim may not merit further factual inquiry," id. (citing United States v. Poston, 902 F.2d 90, 99 n. 9 (D.C.Cir.1990)).
 
 
 10
 Because we determine Defendant's claim of ineffective assistance of counsel does not merit further factual inquiry beyond what is contained in the record, we consider, and reject, the claim on appeal even though it was not raised before the district court.
 
 
 11
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal has two components. "First, the defendant must show ... counsel made errors so serious that counsel was not functioning as the counsel' guaranteed ... by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984); see Griffin v. West, 791 F.2d 1578, 1580 (10th Cir.1986) (defendant "must demonstrate his counsel's conduct was not professionally reasonable, considering all of the circumstances"). Second, the defendant must show counsel's errors were so serious as to deprive the defendant of a fair trial. If a defendant fails to establish the second prong--prejudice to his or her case--the claim of ineffective assistance of counsel fails even if the first prong is established. Strickland, 466 U.S. at 691.
 
 
 12
 The elements of the crime of knowing possession of a firearm are "(1) [t]he defendant was convicted of a felony; (2)[t]hereafter the defendant knowingly possessed a firearm; and (3)[t]he defendant's possession of the firearm was in or affecting commerce." United States v. Shunk, 881 F.2d 917, 921 (10th Cir.1989). A person is in possession of a firearm within the meaning of 18 U.S.C. 922(g) if he "knowingly holds the power to exercise dominion and control over it.' " United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.) (emphasis in original) (quoting United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982), cert. denied, 491 U.S. 909 (1989)). In addition to knowingly holding the ability to control an object, constructive possession also requires an act manifesting and implementing that ability. Id. at 1533. Thus, constructive possession is sufficient for conviction under 18 U.S.C. 922(g).
 
 
 13
 In Cardenas, the power to exercise dominion and control was established where the convicted felon admitted knowing the gun was in a vehicle with him and the gun was discovered within effortless reach of his hands. Id. The convicted felon's concealment of the gun and placement of it in the open dash compartment within inches of his hand were acts by which his ability to control the gun was manifested or implemented. Id.
 
 
 14
 In the case before us, the evidence of Defendant's knowing possession of a firearm is overwhelming. Defendant admitted he knew the hunting rifle was in his truck. The loaded rifle was within his effortless reach leaning against the seat next to him. These facts establish his power to exercise dominion and control over the rifle. Defendant admitted he put the hunting rifle's ammunition in his own pocket. He manifested control over the rifle by placing the rifle's ammunition in his own pocket. Therefore, his constructive possession of the rifle is established by undisputed facts.
 
 
 15
 Where the evidence established Defendant's knowing possession of a firearm,[3] the failure of his counsel to move for acquittal makes no difference to the result. Because a motion for acquittal would have made no difference to the jury's verdict, the Defendant fails to establish the prejudice prong of the Strickland test. Therefore, we need not reach the other prong of Strickland, namely whether the failure to make such a motion was so serious as to deprive Defendant of counsel guaranteed by the Sixth Amendment and require reversal.
 
 
 16
 Similarly, because a motion for acquittal would have made no difference to the verdict, the failure to make such a motion was not plain error affecting a substantial right within the meaning of Fed.R.Crim.P. 52(b). Accordingly, we AFFIRM the jury verdict.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 The other two elements of possession of a firearm by a convicted felon are not disputed