**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE GONZALEZ-GONZALEZ,

    Defendant-Appellant.

No. 96-2163
(D.C. No. CR-94-262-03-MV)
(NM)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

    Jose Gonzalez-Gonzalez was convicted by a jury of one count of conspiracy to possess more than 1000 kilograms of marijuana with intent to distribute, and one count of possession with intent to distribute more than 1000 kilograms of marijuana. He was sentenced to twenty years imprisonment. He appeals,[1]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

asserting that the evidence was insufficient to support his conviction.[2]

The government asserts that Mr. Gonzalez waived his challenge to the sufficiency of the evidence by failing to move for a judgment of acquittal at the close of evidence at trial. We have stated that absent a motion for acquittal following the presentation of the government's evidence and the renewal of that motion at the conclusion of the trial, federal courts will not pass on the

---

[2] Mr. Gonzalez' opening brief was filed by retained counsel and raised the sufficiency of the evidence. Mr. Gonzalez filed a motion with this court asking that the brief be stricken and that he be allowed to obtain substitute counsel. Retained counsel then filed a request to withdraw as counsel, and advised us that it gave Mr. Gonzalez instructions on his options with respect to requesting appointed counsel or substitute counsel, and of the steps necessary to pursue his appeal. Material submitted by retained counsel indicates that Mr. Gonzalez was properly advised of his options. In addition, this court advised Mr. Gonzalez to file a motion for appointment of counsel in district court. Mr. Gonzalez did so. However, that motion is still pending because Mr. Gonzalez has not returned the financial affidavit. Because Mr. Gonzalez has not completed the steps for obtaining either appointed counsel or substitute retained counsel and has not submitted a pro se brief, we address the issue raised in the brief filed by retained counsel. Mr. Gonzalez' motion to strike is denied and retained counsel's motion to withdraw is dismissed as moot.

In his motion, Mr. Gonzalez asserts that retained counsel was ineffective. Ineffective assistance claims should be brought in collateral proceedings, not on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Such claims are presumed dismissible when brought on direct appeal and virtually all of them will be dismissed. Id. Although we have considered such a claim on direct appeal in those rare circumstances where it needs no further development prior to our review, see, e.g., United States v. Gallegos, 108 F.3d 1272, 1279-80 (10th Cir. 1997), this case does not present those circumstances. Accordingly, to the extent that Mr. Gonzalez' motion can be construed as a pro se assertion that his counsel was incompetent at trial or on appeal, it is dismissed as premature.

-2-

sufficiency of the evidence.  See United States v. Guerrero, 517 F.2d 528, 530 (10th Cir. 1975).  Although Mr. Gonzalez did not move for a judgment of acquittal, he did argue unsuccessfully at the conclusion of trial that insufficient evidence had been presented to establish the existence of a conspiracy for purposes of the admission of coconspirator statements.  In any event, as we discuss below, the evidence was more than sufficient to support the verdict on both counts.

In assessing the sufficiency of the evidence, we look at all the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the verdict to determine if the evidence is substantial enough to establish guilt beyond a reasonable doubt.  United States v. Johnson, 42 F.3d 1312, 1319 (10th Cir. 1994).  The evidence must do more than raise a mere suspicion, but it need not conclusively exclude all other reasonable possibilities.  Id.  The offense of conspiracy under 21 U.S.C. § 846 requires proof that the defendant knew at least the essential objectives of the conspiracy and knowingly and voluntarily became part of it.  Johnson, 42 F.3d at 1319.  An agreement may be inferred from the acts of the parties and other circumstantial evidence indicating concerted action for a common purpose.  Id.  Knowing participation may be inferred from acts done in furtherance of the conspiracy.  Id.  To prove possession, the government must show that the defendant had either actual or constructive

possession.  United States v. Hanif, 1 F.3d 998, 1003 (10th Cir. 1993). Constructive possession is shown by evidence that the defendant had some appreciable ability to guide the destiny of the drug, that he knowingly held the power to exercise dominion and control over the drugs.  Id.

Viewed in this light, the evidence shows that Mr. Gonzalez was part of a drug conspiracy involving approximately 5000 pounds of marijuana.  His role in the conspiracy was to arrange for the transportation of this marijuana from El Paso, Texas to California.  Mr. Gonzalez recruited Jose Ramirez, the owner-operator of a tractor trailer truck, to meet him with the truck in El Paso, load the drug in the truck, and drive the load to California.  Mr. Gonzalez gave Mr. Ramirez a beeper number to call when he arrived in El Paso.  When Mr. Ramirez called the number, Mr. Gonzalez and another coconspirator came to meet him in a rented gray Ford Taurus and led him to the warehouse at which the marijuana was stored.  While the marijuana was being loaded on the truck, Mr. Gonzalez and Mr. Ramirez drove the Taurus to obtain a bill of lading for the load.

Mr. Ramirez was concerned about a border checkpoint that the truck would have to pass west of Las Cruces, New Mexico.  Mr. Gonzalez agreed to "scout" the checkpoint by driving through it in a gold Lincoln Towncar rented by another coconspirator and dialing Mr. Ramirez on a beeper if the checkpoint were open. Mr. Ramirez' instructions were to avoid the checkpoint if he was beeped.

When the gold Lincoln passed through the open checkpoint, the border patrol agents figured it was a scout car, and referred it to a secondary inspection area. They found no reason to detain the car, however, and allowed it to leave. The agents subsequently observed that the car had turned around and was traveling back the way it had come. Two agents followed it after it again passed by the checkpoint going in the opposite direction. Shortly thereafter, Mr. Ramirez arrived at the checkpoint because he had apparently been out of range to receive the beep from Mr. Gonzalez. Mr. Ramirez was referred to the secondary inspection area where the truck was subjected to a dog sniff, searched, and the marijuana was discovered. Mr. Ramirez was arrested and placed in a holding cell at the checkpoint. While he was in the cell, Mr. Ramirez heard over the station intercom that the gold Lincoln was back at the checkpoint again. He informed the agents that the Lincoln was involved in the conspiracy, and then provided other information, including information concerning the gray Taurus, that enabled the agents to immediately arrest Mr. Gonzalez and the other coconspirators.

Much of the above evidence implicating Mr. Gonzalez was provided through the testimony of Mr. Ramirez, who was cooperating as part of a plea bargain. A criminal conviction may be upheld solely on the uncorroborated testimony of a coconspirator, if the testimony is not incredible or insubstantial. United States v. McIntyre, 997 F.2d 687, 708 (10th Cir. 1993). The credibility of

Mr. Ramirez was strenuously challenged during trial and his motive to testify favorably to the government was vigorously presented to the jury, which nonetheless determined he was credible. That assessment is committed exclusively to the finder of fact, and we may not reweigh the credibility of witnesses. United States v. Youngpeter, 986 F.2d 349, 352-53 (10th Cir. 1993).

When the evidence as a whole is considered most favorably to the government, it supports the jury verdict overwhelmingly. Mr. Gonzalez was clearly an integral part of the conspiracy and committed many acts to further its goals. His constructive possession is established by his activity in scouting the checkpoint and his authority to direct the truck containing the marijuana away from the checkpoint upon discovering that it was open. Accordingly, Mr. Gonzalez' conviction is AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge