**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack Lee BROWN, Defendant-Appellant.**

No. 75–1567.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 17, 1976.

Decided Sept. 2, 1976.

Rehearing Denied Sept. 24, 1976.

Certiorari Denied Dec. 13, 1976.
See 97 S.Ct. 650.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (David L. Russell, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

L. Thomas Woodford, Myers, Woodford & Hoppin, Denver, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and ZIRPOLI,* District Judge.

ZIRPOLI, District Judge.

Appellant Jack Lee Brown was convicted on one count of interstate transportation of a John Deere tractor, knowing the same to be stolen, in violation of 18 U.S.C. section 2312. On this appeal he raises five issues for the court's consideration:

1. Whether the jury's verdict is supported by the evidence;

2. Whether the trial court properly instructed the jury that the possession of recently stolen property, if not satisfactorily explained, permits the jury to infer that the person in possession of such property knew that it was stolen;

3. Whether in instructing the jury on the inference which may be drawn from unexplained possession of recently stolen property the trial court erred in not defining the term "inference" and in not instructing the jury that the burden of proof remained with the government;

4. Whether the prosecutor's argument to the jury deprived appellant of his Fifth and Sixth Amendment rights to a fair trial; and

5. Whether the sentence imposed by the trial court was improper.

We affirm.

Sometime during the night of December 5, 1973, a person or persons unknown stole a John Deere tractor belonging to Charles Rollen Rainey. From the time of the theft to the time of the tractor's recovery by Rainey, the tractor passed from hand to hand in a series of transactions which culminated in the sale of the tractor by appellant to Allen Doan of the Doan Equipment Company of Tulia, Texas.

The first word of the tractor's whereabouts came on the morning of December 6

---

* Of the Northern District of California, sitting by designation.

when Floyd Wood informed Billy Charles Hogue that he was looking for a buyer for the tractor which was then located near Purcell, Oklahoma. Hogue contacted Willard Farrow and arranged to borrow enough money to purchase the tractor. Farrow, in turn, contacted Alvie B. Austin, an admitted fence, and asked for his aid in disposing of the tractor. Austin agreed to try to find a buyer for the tractor and contacted his nephew, Wesley Warren, of Gorman, Texas. Although Warren was not interested in purchasing the tractor, he subsequently mentioned the tractor's availability to appellant. Appellant contacted Austin and was told that he could purchase the tractor for $5,500.[1] After appellant ascertained that he could sell the tractor to Doan for at least $15,000, appellant informed Austin that the deal was on and instructed Austin to have the tractor shipped to Doan's place of business in Tulia, Texas. Rainey subsequently discovered his tractor when he visited the Doan Equipment Company in search of a replacement.

Brown was convicted of transportation of a motor vehicle in interstate commerce, knowing the same to be stolen, in violation of 18 U.S.C. section 2312. He contends that the evidence in this case was insufficient to support a finding that he knew that the tractor was stolen and that the trial court erred in instructing the jury that possession of recently stolen property, if not satisfactorily explained, will support an inference that the defendant knew the property to be stolen.[2]

■ It is not the role of an appellate court to weigh conflicting evidence or to pass on the credibility of the witnesses in a criminal case. *United States v. Downen*, 496 F.2d 314 (10th Cir.), *cert. denied*, 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 142 (1974). These are tasks for the jury. Our only role is to determine whether the evidence, viewed in the light most favorable to the government, supports the jury's verdict. *Id.* While the evidence in the instant case is far from uncontroverted, it is sufficient to support the jury's verdict. Alvie Austin testified that at one point in the negotiations he told appellant that he "felt there was something wrong with the deal," but that appellant "said he didn't care, to go ahead and get it handled. . . ." Austin also testified that his asking price was $5,500. Brown sold the tractor to Doan for $15,000. The jury could have concluded that the low price asked by Austin was indicative of the tractor's origin. Other evidence included testimony that Brown did not ask for a bill of sale or other documentary proof of ownership at the time the tractor was delivered, that there were no

---

1. As the tractor passed from hand to hand, its price gradually increased. Hogue and Farrow paid Wood $2,000 for the tractor. They, in turn, told Austin that the selling price was $3,500. Austin then increased the price to $5,500 when he offered the tractor to Brown.

2. The court instructed the jury as follows:
   [T]he government must prove beyond a reasonable doubt that the defendant knew the tractor was stolen. The possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances, that the person in possession knew the property had been stolen. The same inference may reasonably be drawn from a false explanation of possession of property recently stolen.

   If you find from the evidence beyond a reasonable doubt that the motor vehicle described in the indictment was stolen, and was transported in interstate commerce as charged, and that, while recently stolen, the motor vehicle was in the possession of the defendant in another state than that in which it was stolen, the jury would be justified in drawing from those facts the inference that the motor vehicle was transported or caused to be transported in interstate commerce by the defendant with knowledge that it was stolen, unless possession of the recently stolen property by the defendant in such other state is explained to the satisfaction of the jury by other facts and circumstances in evidence.

   It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits the jury to draw from possession of recently stolen property. If any possession which the defendant may have had of recently stolen property is consistent with innocence, then the jury should acquit him.

ignition keys for the tractor and that it had to be "hot wired" in order to start it, and that the tractor was delivered late at night. Wesley Warren testified that when he informed appellant of the tractor's availability, appellant told him that "we" can make some money on the sale of the tractor. Appellant subsequently gave Warren an envelope containing $4,200 in cash. Brown neither asked for nor was given a receipt for this cash payment. The above evidence, while circumstantial in nature, was sufficient to support a finding that appellant knew that the John Deere tractor was stolen.

Nor did the trial court err in instructing the jury that possession of recently stolen property, unless satisfactorily explained, will permit an inference that the defendant knew that the property was stolen. Because appellant's counsel did not object to this instruction, his conviction may be overturned only if the instruction amounted to plain error on the part of the trial court. Fed.R.Crim.P. 52(b); *United States v. Guerrero,* 517 F.2d 528 (10th Cir. 1975). We conclude that the instruction was proper. An instruction substantially similar to the one given by the trial court was explicitly approved by the Supreme Court in *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). While the Court in *Barnes* noted that the giving of such an instruction is discretionary, 412 U.S. at 845 n. 8, 93 S.Ct. 2357, it cannot be said that the trial court abused its discretion here.

The court also rejects appellant's contentions that the trial court erred in failing to define the term "inference" and in failing to instruct the jury that the burden of proof never shifts to the defendant. While it is true that in *United States v. Clark,* 475 F.2d 240 (2d Cir. 1973), the Second Circuit reversed a conviction where the trial court failed to define the term inference, that failure was but one of many deficiencies in a set of instructions that can only be characterized as woefully inadequate. The case should not be read to stand for the proposition that the failure to

explain the meaning of the term inference constitutes reversible error in all cases. In the instant case the trial court's instructions gave the jury adequate guidance even though the term inference was not defined.

Similarly the court finds no error in the failure of the trial court to instruct the jury that even though unexplained possession of recently stolen property would support an inference that the defendant knew the property was stolen, the government still retained the burden of proof on this issue. Throughout its instructions to the jury the trial court emphasized that the burden was on the government to prove every element of the offense beyond a reasonable doubt. Indeed, the challenged instruction itself stated that "the government must prove beyond a reasonable doubt that the defendant knew that the tractor was stolen." The instruction then stated that the jury "may" draw the inference that the defendant knew the tractor was stolen if he failed to satisfactorily explain his possession of it. Nowhere did the court require that the jury draw such an inference. The instruction concluded with the statement that "[i]f any possession which the defendant may have had of recently stolen property is consistent with innocence, then the jury should acquit him." This instruction clearly emphasized that the government had the duty of proving beyond a reasonable doubt that appellant knew that the tractor in question was stolen. The court's failure to be even more explicit, especially when viewed in the absence of any objection by counsel, does not constitute error.

Appellant also argues that the prosecutor's closing argument to the jury was improper and thereby denied him his Fifth and Sixth Amendment rights to a fair trial. After reviewing the prosecutor's closing argument in its entirety, the court concludes that these remarks, which were not objected to by counsel, do not constitute plain error justifying reversal of appellant's conviction. *See United States v. Guerrero, supra.*

Finally, appellant attacks the three year sentence imposed by the court. That

**862**

sentence was well within the statutory limit set by 18 U.S.C. section 2312 and will not be disturbed. *United States v. Floyd*, 477 F.2d 217 (10th Cir.), *cert. denied*, 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973).

Affirmed.