**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin Leroy WHITE,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Amos Jimmy JENNINGS,
Defendant-Appellant.**

**Nos. 80–1022, 80–1023.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 18, 1981.

Decided May 21, 1981.

Rehearing Denied June 22, 1981.

Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl., (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., with him, on brief), for plaintiff-appellee.

Toni B. Merrick of Day & Fredrickson, Oklahoma City, Okl., for Marvin Leroy White, defendant-appellant.

Mac Oyler of Oyler, Smith & Bane, Oklahoma City, Okl., for Amos Jimmy Jennings, defendant-appellant.

Before McWILLIAMS, BARRETT and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

This case stems from the theft of a Mercedes Benz in Wichita Falls, Texas, and the sale of the automobile only hours later in Oklahoma City, Oklahoma. The indictment charged Marvin Leroy White and Amos Jimmy Jennings, the two appellants, along with Robert Joseph Muller, Sr., and Billy Edward Davis as follows: (1) Count I charged the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312 and § 2 (1976); and (2) Count II charged the sale of a stolen vehicle which had moved in interstate commerce in violation of 18 U.S.C. § 2313 and § 2 (1976).

Prior to trial, Muller pled guilty and Davis was granted a severance. The defendants, White and Jennings, were found guilty by a jury on both counts of the indictment. Both appeal. On appeal, each case was separately briefed, but the two were companioned for oral argument. Although the two appeals were never formally consolidated by order of court, both will be treated in this opinion. The background facts will first be set forth and then the contentions of each defendant will be separately addressed.

The Government's evidence established, without challenge, that the Mercedes Benz here involved was stolen from a dealer's lot in Wichita Falls, Texas, sometime after 8:30 p. m. on July 20, 1979, and before 8:00 a. m. on July 21, 1979. The stolen Mercedes Benz was then sold in Oklahoma City, Oklahoma,[1] at 10:00 a. m. on July 21, 1979, to an

---

1. We note that Wichita Falls, Texas, is approximately 120 miles from Oklahoma City, Oklahoma, by way of the H. E. Bailey Turnpike.

undercover Oklahoma City policeman. R. J. Melton, the undercover officer, was working as a part of a sting operation conducted by the Oklahoma City Police Department to investigate fencing operations in that area.

On the morning of July 21, 1979, Officer Melton contacted by telephone both Muller and Davis and arranged a time and place for the delivery of the car. Shortly before 10:00 a. m. on that date, Officer Melton, accompanied by an undercover FBI agent, proceeded to the appointed place, which was the parking lot for a supermarket. Officer Melton was wearing a body mike and another Oklahoma City police officer was hidden at the scene, intending to record and take pictures of the entire transaction.

White drove the stolen Mercedes Benz to the prearranged meeting place. Jennings followed in a second vehicle. Officer Melton testified as to the conversation, which involved both White and Jennings. The details of this conversation will be developed later. Suffice it to say here that Melton gave White an envelope containing $2,500 in currency, and received the keys to the Mercedes Benz. White and Jennings then left the scene in Jennings' vehicle.

### No. 80–1022 (White)

■ In his appeal, White raises three issues. The first relates to his conviction on Count II of the indictment, which charged him with the sale of the Mercedes Benz. In this regard White contends that the evidence is insufficient to show that he "sold" the car to Melton. In thus arguing, counsel suggests that there was no "sale" as that term is used in the law of contracts, citing Black's Law Dictionary definition of the word "sale." This argument is totally without merit. Neither White nor Jennings tes-

tified, nor did they call any other person to testify in their behalf. Hence, the only testimony concerning the nature of the transaction came from the Government's witnesses. Officer Melton testified, and his testimony was corroborated,[2] that he gave White an envelope containing $2,500 in exchange for the car, which the undercover FBI agent then drove away from the scene. Such testimony amply supports the allegation in Count II of the indictment that White *sold* the Mercedes Benz to Melton.

■ The next ground urged for reversal concerns an instruction given the jury. In his instruction to the jury as to Count II, the trial judge used the phrase "sells or disposes of" on several occasions. Counsel argues that by adding the words "or disposes of" the trial court erred. We disagree. In the first place, trial counsel did not object to any of the instructions. Fed.R. Crim.P. 30 provides that no party may assign as error any portion of the instructions unless he has objected thereto, stating distinctly the matter to which he objects and the grounds of his objection. Fed.R.Crim.P. 52(b) does provide that plain error affecting substantial rights may be noticed even though such was not brought to the attention of the Court. In our view, the addition of the words "or disposes of" does not fall into the category of plain error affecting substantial rights, and therefore, does not even merit initial consideration on appeal. *United States v. Brown*, 541 F.2d 858 (10th Cir.), *cert. denied*, 429 U.S. 1026, 97 S.Ct. 650, 50 L.Ed.2d 630 (1976); *United States v. Guerrero*, 517 F.2d 528, 531 (10th Cir. 1975). In any event, we perceive *no* error in the instruction, let alone *plain* error, affecting substantial rights.[3] In fact, the entire ar-

---

**2.** Officer Melton's testimony was corroborated by the tape recording of his conversation with White and Jennings which was introduced into evidence at the trial, and by the testimony of Officer Tom Chaney who was responsible for recording the transaction.

**3.** The trial court's main instruction on this point stated:

As to Count Two of the Indictment, you are instructed that the laws of the United States provide that whoever sells or disposes of any

motor vehicle, moving as, or which is part of, or which constitutes interstate commerce, knowing the same to have been stolen, shall be guilty of an offense against the laws of the United States.

As such, the language of the instruction closely followed the language of 18 U.S.C. § 2313 (1976). The violation of that statute was specifically charged in Count II of the indictment. The instruction, therefore, properly advised the jury of the crime charged.

gument that White didn't "sell" the Mercedes to Melton borders on the frivolous. The uncontroverted evidence is that White received $2,500 from Melton in exchange for the Mercedes. That is *prima facie* evidence of a sale.

■ Finally, White contends that the trial court's instruction, which stated that the jury *may* infer from the possession of recently stolen property that the person in possession knew the property had been stolen, violates his constitutional rights.[4] White contends that it was probable that the jury interpreted the court's instruction as shifting the burden of proof on the issue of knowledge to the defendant. Again, no objection was made to the instruction at trial. The instruction given has been approved on numerous occasions. *See Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *United States v. Luman*, 624 F.2d 152 (10th Cir. 1980); and *United States v. Brown*, 541 F.2d at 861 (10th Cir. 1976).

Counsel cites *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) as compelling a contrary result. In *Sandstrom*, the Supreme Court found that an instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" may have been interpreted by the jury as a conclusive presumption or as shifting the burden of proof to the defendant and, therefore, the instruction was unconstitutional. The instruction given to the jury in the instant case did not involve any form of "presumption." The instruction, as given, involved only a "permissible inference." The distinction between a presumption and an inference is referred to by Justice Rehnquist in his concurring opinion in *Sandstrom*. Justice Rehnquist stated therein: "[S]urely if this charge had, in the words of the Court,

'merely described a permissive inference,' *ante*, at 514, [99 S.Ct. at 2454] it could not conceivably have run afoul of the constitutional decisions cited by the Court in its opinion." 442 U.S. at 527, 99 S.Ct. at 2461.

## No. 80–1023 (Jennings)

Permeating Jennings' entire argument is the belief that the Government's evidence only shows that Jennings was a "mere bystander," and that the Government failed to establish that he was a knowing participant in the crimes charged. Jennings concedes that he followed White to the place where the Mercedes Benz was turned over to Melton, and that he thereafter drove White, with the $2,500, from the scene in his own vehicle. Notwithstanding this evidence, counsel claims that the Government failed to establish, *prima facie*, that Jennings knew the Mercedes Benz had been stolen and had been transported in interstate commerce. We do not agree with this analysis of the evidence.

As indicated, Melton testified as to his conversation with White *and* Jennings which occurred at the place where he obtained the Mercedes in exchange for the $2,500. His testimony was corroborated by the tape recording. Melton specifically stated that he conversed with Jennings, as well as White. This is not an instance where Jennings remained mute. On the contrary, he joined in the conversation. Statements attributed by Melton to White, and to Jennings, permitted the inference that the two had themselves stolen the car in Texas and driven it directly to Oklahoma City. For example, Melton attributed to Jennings the following statement regarding the shortage of gas in the Mercedes: "But it went on below empty for forty something miles. All the way from down there to clean up to Lawton."[5] Without analyzing Melton's testimony in minute detail, we

---

4. In specific, the challenged instruction stated:

   You are instructed that possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the Jury may reasonably draw the inference and find that the person in possession knew the property had been stolen.

5. We note that Jennings' statement referred to Lawton, Oklahoma, which is approximately 45 miles from Wichita Falls, Texas. Additionally, we note that Melton attributed other incriminating statements to Jennings including the statement: "We could have got him a diesel, but they didn't have a 450."

deem it to be amply sufficient to support the jury's determination that Jennings was a knowing participant, and not an innocent bystander.

■ Additionally, Jennings filed a motion to sever his trial from that of White's. The motion was denied. This ruling is now assigned as error. We find no error in the denial of the motion. Jennings' argument is founded on an erroneous premise. Jennings claims that certain statements made by White would not have been admissible in evidence had he been tried separately. That is not so. The statements complained about are statements made by White to Melton in the presence of Jennings at the time and place where the Mercedes was turned over to Melton for $2,500. Such would have been admissible in evidence had Jennings been granted a separate trial. We are not concerned here with extrajudicial statements made by one defendant in a custodial situation, which involve a co-defendant and are made out of the latter's presence. Rather, we are concerned with statements made by one defendant during the commission of a crime in the presence of a co-defendant. *See United States v. Cox*, 449 F.2d 679, 689 (10th Cir. 1971), *cert. denied*, 406 U.S. 934, 92 S.Ct. 1783, 32 L.Ed.2d 126 (1972).

Jennings, like White, also complains about the instruction on recently stolen property. Again, like White, Jennings made no objection at trial to the instruction given. As indicated above, we find no error in regard to the instruction. Jennings further complains that there is no evidence that he ever "possessed" the Mercedes and that therefore, any instruction regarding possession of a recently stolen vehicle was inappropriate. We disagree. For reasons set forth above, the Government's evidence clearly permits the inference that Jennings and White, acting together, stole the vehicle in Wichita Falls, and drove it immediately to Oklahoma City, where they had the extreme misfortune of selling it to an undercover agent.

Judgments affirmed.