**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gary PINALTO, Defendant-Appellee.**

**No. 84–2247.**

United States Court of Appeals,
Tenth Circuit.

Aug. 27, 1985.

Samuel Rosenthal, Chief, Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C. (Layn R. Phillips, U.S. Atty., N.D. Okl., and Keith Ward, Asst. U.S. Atty., for the N.D. Okl., Tulsa, Okl., with him on briefs), for plaintiff-appellant.

David Nelson, Broken Arrow, Okl., for defendant-appellee.

Before MOORE, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal by the government under 18 U.S.C. § 3731 presents the question of whether certain conversations and tapes which the government intended to offer in the trial of the defendant, Pinalto, are admissible in evidence. We reverse.

On April 4, 1984, the Grand Jury indicted defendant-appellee Pinalto and Orsack. On May 2, 1984, a superseding indictment was filed. It was based on various crimes arising out of the expenditure of public funds to improve school facilities. Pinalto was charged with eighteen counts of mail fraud, in violation of 18 U.S.C. § 1341, and conspiracy to commit mail fraud. His co-defendant, Orsack, was charged with the

same offenses plus an additional count of extortion in violation of 18 U.S.C. § 1951. On June 13, 1984, the government filed a motion for a pretrial ruling on the admissibility of certain post-conspiracy statements of the defendants and the defendants responded.

A jury was selected for the trial of both defendants on July 16, 1984. Out of the presence of the jury a hearing was held by the court on the admissibility of the statements. The witnesses for the government were Brechwald, an agent of the Federal Bureau of Investigation (FBI), and Allen David who had made tapes of telephone conversations between him and the defendants.

The evidence showed that in August, 1982, Pinalto approached David, a mortgage broker involved in the insurance business, about being the surety on the school bonds. Tr.Vol. IV, pp. 83, 87. Pinalto owed David and David's company, American Investment Company, as a result of several other ventures. Id. pp. 81–84. Pinalto claimed that the schools offered the potential for millions of dollars of work. Id. p. 87. Both Pinalto and Orsack explained to David when they approached him to be surety that Pinalto might have to bid short but that there were other sources of money available to complete the project. Id. pp. 88–89. David claims that Pinalto and Orsack told him before the contract was awarded that Orsack controlled the building process and could delete or add items to bring the contract to the point where Pinalto could make a profit. Pinalto was awarded the project but not the money necessary to meet expenses. In early 1983, subcontractors began contacting David for payment, Id. p. 111, and later filed suit against David. Id. pp. 112–114. On advice of counsel, David started making tape recordings of conversations which he had with Pinalto and Orsack. Id. p. 117. Brechwald, the FBI agent, was delivered three tapes on May 25, 1983, by an agent of the Internal Revenue Service, Id. pp. 23–24, and others by David in the summer of 1983. Id. p. 27. The number of tapes delivered by David is uncertain.

The court listened to the tapes and on July 26, 1984, ruled that they were not admissible. Tr.Vol. VI, p. 343. It also granted Orsack's motion for severance, Id. p. 373, and declared a mistrial as to Orsack. Id. p. 373. With respect to Pinalto the trial was continued and resulted in a hung jury. R.Vol. I, p. 282. The case was set for trial on September 17, 1984. Id.

On August 10, 1984, the government filed two motions for reconsideration of the ruling on the admission of the tapes. One motion concerned the admissibility of the Pinalto tapes in the Pinalto trial, the other motion concerned the admissibility of the Orsack tapes in the Orsack trial. The court denied each. Its order on the Pinalto tapes was entered on August 29, 1984. R., pp. 287–289. The government gave notices of appeal. Id. pp. 294–295. The appeal in the Orsack case, No. 84–2246, was dismissed by this court on the motion of the government. The admissibility of the Orsack tapes is not before this court on appeal.

In its denial of the motion for reconsideration, the court said, Id. p. 288:

"Rule 403 of the Federal Rules of Evidence provides that, 'Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...' In the recorded conversations here at issue, the government informant misstates and mischaracterizes discussions had between him and the defendants and, through intimidation, and through the power that he purported to hold over the defendants, illicits [sic.] statements which, under these circumstances, are so unreliable as to unfairly prejudice the defendant Pinalto and to confuse the jury.

It is further noted by the Court that the tape recorded conversations do not meet minimal standards of due process, in that they are not sufficiently reliable to allow for a rational assessment by the trier of fact. Therefore this Court will

stand by its ruling and will not allow the tape recorded conversations between Allen V. David and Defendant Gary Pinalto to be used during the trial of Defendant Gary Pinalto."

On this appeal the government argues that the tapes are admissible under F.R. Evid. 801(d)(2)(A) and appellee argues that they are inadmissible under F.R.Evid. 403. The question is one of law as to the applicability of the Rules of Evidence. The government says that the statements of Pinalto were admissible under 801(d)(2)(A) which provides that a statement is not hearsay if "[t]he statement is offered against a party and is ... his own statement, in either his individual or a representative capacity." We have applied 801(d)(2)(A) in criminal proceedings. See *United States v. Busch*, 10 Cir., 758 F.2d 1394, 1397.

We find no cases directly in point. *United States v. Roberts*, 10 Cir., 583 F.2d 1173, 1175–1176, cert. denied 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 49, involves the confrontation clause. We assume that in the retrial Brechwald and David will be available as witnesses and subject to cross examination. *United States v. Alfonso*, 10 Cir., 738 F.2d 369, 371 was a trial to the court. *United States v. Shepherd*, 10 Cir., 739 F.2d 510, 514, and *United States v. Petersen*, 10 Cir., 611 F.2d 1313, 1330, cert. denied 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854, presented question of the admissibility of statements of co-conspirators. See § 801(d)(2)(E).

The Notes of Advisory Committee on the Proposed Rules, 28 U.S.C. p. 717, states in regards to Rule 801(d)(2):

"Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule [Citations omitted]. No guarantee of trustworthiness is required in the case of an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from restrictive influences of the opinion rule and the rule requiring first-hand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for a *generous* treatment of this avenue of admissibility." [Emphasis supplied.]

■ The district court erroneously viewed trustworthiness as a separate requirement of admission under Section 801(d)(2)(A). As said in Weinstein's Evidence § 801, p. 184:

"Rule 801(d)(2) is in accord with the traditional view that admission by a party-opponent are admitted as substantive evidence of the fact stated."

See also Weinstein's Evidence, § 801, pp. 185–186.

■ The district court apparently concluded that the Pinalto tapes were untrustworthy because of David's motive to lie to Pinalto to gather evidence to escape liability as surety. Tr.Vol. VI, pp. 310, 343–344; R. 288. Determination of credibility of evidence is reserved exclusively for the trier of fact. *United States v. Leach*, 10 Cir., 749 F.2d 592, 600. See also, *Hoffa v. United States*, 385 U.S. 293, 311, 87 S.Ct. 408, 418, 17 L.Ed.2d 374. In this case the trier of the fact was the jury, not the court. The court invaded the province of the jury when it suppressed the Pinalto tapes because it found them unreliable. The tapes, if properly identified, are admissible against Pinalto on retrial.

The district court held, and the appellee contends, that the Pinalto tapes were not admissible under Rule 403, F.R.Evid. That rule provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

We have held that the tapes were admissible under Rule 801(d)(2)(A). The Notes of

Advisory Committee on Proposed Rules says with reference to Rule 403:

> "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission."

This leaves the matter within the discretion of the trial court. *May v. Interstate Moving & Storage Co.*, 10 Cir., 739 F.2d 521, 524.

In this case the jury was selected. Out of the presence of the jury the court heard the government's application for a ruling on the admissibility of the tapes. At the hearing only Brechwald, the FBI agent, and David were called as witnesses. After the ruling on the admissibility of the tapes, the case proceeded to trial before the jury. Numerous witnesses were called by the government and the defendant. See Supplemental Record filed by the clerk. The jury disagreed, a mistrial was declared, and the case was set for retrial. The transcript of the evidence furnished to us contains only the testimony of Brechwald and David. No transcript is in the record before us of the testimony of the other witnesses. Consequently we cannot determine whether the trial court abused its discretion in ruling that the tapes were confusing and misleading.

We hold only that the tapes were admissible, relevant evidence under Rule 801(d)(2)(A). No other matter is properly before us because of the state of the record.

Reversed.